The Cardoza Law Corporation
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Megan H. Troy, Esq. (SBN: 194712)
Megan.Troy@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700

*Attorneys for Plaintiff*,
Steven Calderon

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA

| STEVEN CALDERON<br><br>Plaintiff,<br><br>v.<br><br>RESURGENT CAPITAL SERVICES L.P. and PINNACLE CREDIT SERVICES, LLC;<br><br>Defendants. | Case No.: _____<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |
|---|---|

///

///

///

///

COMPLAINT CASE NO. _____

## INTRODUCTION

1. This case is about a consumer who, after settling an outstanding debt with a debt collector, was subsequently contacted by another debt collector about the same – now resolved – debt. The consumer informed the subsequent debt collector, in writing, that the alleged debt had been settled and to cease all future communication. Nevertheless, and despite this written request, the subsequent debt collector continued to contact Plaintiff in an effort to collect the resolved debt, in violation of federal and state law.

2. **STEVEN CALDERON** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **RESURGENT CAPITAL SERVICES L.P. and PINNACLE CREDIT SERVICES, LLC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.  All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6.  Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

7.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8.  This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**FDCPA AND RFDCPA**

10. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055,

1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional"). Accordingly, liability attaches as a result of a single violation, regardless of intent.

## PARTIES

13. Plaintiff is a natural person who resides in the County of Madera, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant Resurgent Capital Services L.P. (hereinafter "Defendant Resurgent") is a South Carolina limited partnership operating from an address of 55 Beattie Place, Suite 110, Greenville, South Carolina 29601, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

15. Defendant Pinnacle Credit Services, LLC (hereinafter "Defendant Pinnacle") is a Nevada limited liability company operating from an address of 625 Pilot Road, Suite 2, Las Vegas, Nevada 89119, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

16. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are

defined by Cal. Civ. Code § 1788.2(f).

17. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

18. Plaintiff is an individual residing in the County of Madera in the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

20. Defendants' businesses consist solely of the acquisition and collection of delinquent consumer debts.

21. Plaintiff is a consumer who, in 2010, incurred a debt in the amount of $612.88 as a result of an outstanding cellular telephone bill (the "Debt").

22. The Debt was subsequently sold to Defendant Pinnacle who, in the ensuring years, engaged various debt collectors to collect the Deb.t

23. In 2015, Plaintiff paid off the Debt in full by making a one-time settlement payment, authorized by Defendant Pinnacle, to the debt collection firm of Stephens & Michaels Associates, Inc.

24. Nevertheless, in 2017, Defendant Resurgent (acting on behalf of Defendant Pinnacle) contacted Plaintiff in an effort to collect on the previously settled Debt.

25. On or about September 18, 2017, Plaintiff informed Defendant Resurgent, in writing, that the Debt had been previously settled and to requested that Defendant Resurgent cease all communication with Plaintiff with respect to the Debt.

26. Despite Plaintiff's clear written instruction to cease all communication regarding the resolved Debt, Defendant Resurgent nevertheless sent Plaintiff a subsequent dunning notice in an attempt to collect the alleged Debt.

## ACTUAL DAMAGES

27. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst

other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692C OF THE FDCPA

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. A debt collector violates § 1692c(c) of the FDCPA when, after being notified by a consumer in writing that the consumer refuses to pay the debt and/or wishes the debt collector to cease further communication with the consumer, the debt collector continues to communicate further with the consumer with respect to the debt.

30. Defendants violated § 1692c(c) of the FDCPA when Defendants continued to contact Plaintiff in an effort to collect the alleged debt after Plaintiff sent a written letter to Defendant Resurgent stating that the debt had been settled and asking that all communications with respect to the debt cease immediately.

### COUNT II

### VIOLATION OF § 1788.17 OF THE RFDCPA

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

33. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692c(c), as described more fully above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

e) Award to Plaintiff of such other and further relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

34. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: December 8, 2017				THE CARDOZA LAW CORPORATION

BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.
(SBN: 194065)
MIKE.CARDOZA@CARDOZALAWCORP.COM
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 488-8041
FACSIMILE:  (415) 651-9700

ATTORNEY FOR PLAINTIFF,
STEVEN CALDERON

COMPLAINT CASE NO. _____   **Page 10 of 10**